IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SPOOZ, INC. | ) |
|       Plaintiff, | ) |
|       v. | ) Case No. 07 C 7265 |
| JAMÉ GROVES, | ) Judge Anderson |
| PENG HE, and, | ) |
| LOGICBOX LLC | ) Magistrate Judge Cox |
|       Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants JAMÉ GROVES, PENG HE and LOGICBOX, LLC by and through their attorneys GARDINER KOCH & WEISBERG, move this honorable Court to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) In support of their motion, Defendants state as follows:

### I. Background

Plaintiff filed a six count Complaint. Count I is a state law claim for Misappropriation of Trade Secrets. Counts II and III are common law claims for Interference with Business Relations and Prospective Economic Advantage. Count IV is an Unfair Competition Claim alleged to arise under federal law. Count V is a common law Fraud claim. Count VI is a common law claim for breach of contract.

Plaintiff has alleged that the United States District Court of the Northern District of Illinois has Subject Matter Jurisdiction based on Diversity and Federal Question.

## II. Legal Standards

### A. Standard for Motion to Dismiss Pursuant Federal Rule 12(b)(1)

The standard for surviving a Fed. R. Civ. P. 12(b)(1) motion is lower than that for a Rule 12(b)(6) motion. In a Rule 12(b)(6) motion, the court evaluates the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs, and determining whether they state a claim as a matter of law. The defendant bears the burden of showing no claim has been stated. In contrast, in a factual attack under Rule 12(b)(1), the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction. The plaintiff, and the party seeking federal forum has the burden of persuasion to convince the court it has jurisdiction. The party seeking a federal forum has the burden of establishing jurisdiction. Wellness Community-National v. Wellness House, 70 F.3d 46 (7th Cir.1995).

### B. Standard for Motion to Dismiss Pursuant Federal Rule 12(b)(6)

Until recently, the law provided that a motion to dismiss could not be granted under Fed. R. Civ. P. 12(b)(6) unless "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957); see also White v. City of Markham, 310 F.3d 989, 992 (7th Cir. 2002). The Supreme Court, however, recently revisited the questions Conley appeared to have settled, and concluded that Conley "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corporation v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007). For post-Twombly

plaintiffs, then, this means that they must not only adequately state their claim, but also must plead "enough facts to state a claim to relief that is plausible on its face" in order to survive a motion to dismiss. Id. at 1974. Their "[f]actual allegations must be enough to raise a right to relief above the speculative level," even "on the assumption that all of the complaint's allegations are true." Id. at 1959.

### III. Argument

  I.  **Jurisdiction**

   **A. Plaintiff's Place of Business is in Chicago, therefore, the Complaint Lacks the Factual Merits to Support Subject Matter Jurisdiction Based on Diversity of the Parties**

In diversity cases, the party must demonstrate complete diversity of citizenship. City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 62 S.Ct 15, 86 L.Ed. 47 (1941). Plaintiff plead in its complaint that Spooz, Inc. is a Nevada corporation. A business organized as a corporation, for diversity jurisdiction purposes, is deemed to be a citizen of any State by which it has been incorporated and, since 1958, also of the State where it has its principal place of business. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303 (U.S. 2006). Based on Spooz's website, and registration with the Nevada Secretary of State, attached hereto as Exhibits A and B, Spooz's principal place of business, indeed its only office, is located in Chicago, Illinois. All defendants named in Plaintff's Complaint reside in Illinois. Therefore, there is no diversity between Plaintiff and the Defendants to justify Subject Matter Jurisdiction and this complaint must be dismissed.

   **B. Plaintiff's Complaint Fails to Adequately Plead a Federal Question Basis for Subject Matter Jurisdiction**

As demonstrated above, there is no diversity of the parties in this case; therefore, the only potential basis remaining for subject matter jurisdiction is an issue arising under

federal law. Clearly there is not one. In Paragraph 7 of the Plaintiff's Complaint, Plaintiff alleges that this Court has Subject Matter Jurisdiction based on 28 U.S.C. § 1338 and 15 U.S.C. § 1125.

> 28 U.S.C. § 1338 states:
>
> "a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.
>
> (b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws.
>
> (c) Subsections (a) and (b) apply to exclusive rights in mask works under chapter 9 of title 17 [17 USCS §§ 901 et seq.], and to exclusive rights in designs under chapter 13 of title 17 [17 USCS §§ 1301 et seq.], to the same extent as such subsections apply to copyrights."
>
> 28 USCS § 1338

Plaintiff chose not to specify which section of 28 U.S.C. § 1338 on which it is basing subject matter jurisdiction in this case, and one can only assume Plaintiff means 28 U.S.C § 1338(b). That section gives district courts jurisdiction over unfair competition cases when *joined* with a substantial and related claim under copyright, patent, plant variety protection or trademark laws. However, none of the six counts in Plaintiff's Complaint allege claims for infringement or violation of copyright, patent, variety protection or trademark rights. Therefore, jurisdiction is not proper under 28 U.S.C. § 1338.

Plaintiff also alleges Federal jurisdiction under 15 U.S.C. § 1125. This section of the Lanham Act deals with Unfair Competition. Once again, Plaintiff chose not to specify which part of 15 U.S.C. § 1125 under which Plaintiff makes its claim.

However, no matter which subsection of 15 U.S.C. § 1125 Plaintiff seeks relief

under, Plaintiff's inclusion of an Unfair Competition claim is clearly illusory, and included solely for the purpose of obtaining Federal jurisdiction. Plaintiff's Count IV for Unfair Competition is the only count plead in which Plaintiff asserts a claim that arises under Federal law. Absent this claim, the only causes of action left are state claims between non-diverse parties. An Unfair Competition claim under 15 U.S.C. § 1125 is one where the defendant has allegedly falsely designated the origin of a product or service. Every false statement or action alleged in Plaintiff's Complaint that relates to Unfair Competition is a statement of *ownership* rather than origin. Plaintiff has not alleged that any defendant has passed off his own product or service as a Spooz product or service, nor has Plaitniff alleged that any defendant has passed off a Spooz product or service as a product or service originating from one of the defendants. Instead Plaintiff has alleged that the defendants are using Spooz secrets and software without authorization and are falsely claiming ownership of the right to do so. This is not a proper claim under 15 U.S.C. § 1125 and Plaintiff is merely trying to crate a tenuous link to a federal cause of action in order to obtain federal jurisdiction for this case.

When a plaintiff makes a frivolous and baseless claim, for the sole purpose of obtaining jurisdiction, the complaint may be dismissed for want of subject matter jurisdiction. Bell v. Hood, 327 U.S. 678, 682-83, 66 S.Ct 773 (1946). Defendants therefore, request that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction.

**II.    Failure to Plead**

Should this Court find that Plaintiff's Unfair Competition claim is not so illusory as to warrant dismissal under Rule 12(b)(1), Count IV of Plaintiff's Complaint still

cannot survive a motion to dismiss under Rule 12(b)(6). As mentioned above, all of Plaintiffs allegations in the Complaint refer to ownership, not origin.

Further, Plaintiff failed to sufficiently plead any misrepresentations by the defendants that dealt with goods or services. "In order for actionable tort to be present under § 43(a) of Lanham Act (15 USCS § 1125), it is necessary that goods or services be involved." N. S. Meyer, Inc. v Ira Green, Inc. (1971, SD NY) 326 F Supp 338, 168 USPQ 632. While Plaintiff's Complaint makes mention "products" in Paragraphs 84 and 85, all conduct alleged with specificity indicates that the defendants have made false statements regarding patent rights and trade secrets. Intangible intellectual property rights like these are not goods and services under the Lanham Act. See e.g. Hustlers, Inc. v. Thomasson, 2004 U.S. Dist. LEXIS 27558 (N.D. Ga. Dec. 29, 2004). Plaintiff's Complaint fails to name any misrepresentations from defendants with regard to goods or services covered by the Lanham Act, and therefore, should be dismissed.

Finally, Plaintiff has not sufficiently alleged that this case involves interstate commerce. To come within § 43(a) of Lanham Act (15 USCS § 1125(a)), false advertising must relate to goods or services which have some effect on interstate or foreign commerce within control of Congress. Parkway Baking Co. v Freihofer Baking Co. (1958, CA3 Pa) 255 F2d 641, 117 USPQ 426; Blazon, Inc. v De Luxe Game Corp. (1965, SD NY) 268 F Supp 416, 156 USPQ 195. Plaintiff has not alleged, explicitly or implicitly, that interstate commerce is involved in this case. Plaintiff's Complaint fails to name any misrepresentations from defendants with regard to interstate commerce covered by the Lanham Act, and therefore, the Complaint should be dismissed.

WHEREFORE, Defendants, Jamé Groves, Peng He, and Logicbox LLC,

respectfully request this court grant Defendants' Motion to Dismiss Pursuant Federal Rules 12(b1) and 12(b)(6) and dismiss Plainitff's Complaint for lack of Subject Matter Jurisdiction.

Respectfully Submitted,

JAMÉ GROVES

/s/ James B. Koch

James B. Koch
Gardiner Koch & Weisberg
53 W. Jackson Blvd. Suite 950
Chicago, IL 60604
312-362-0000 phone
312-362-0440 fax